JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chris Jaye | Knuckles, Komosinksi & Manfro, LLP , et. al |

| (b) County of Residence of First Listed Plaintiff     Hunterdon | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [x] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights

Brief description of cause:
civil rights conspiracy / RICO -- retaliatory conduct (First Amendment)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE     many     DOCKET NUMBER

DATE    4/16/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Chris Ann Jaye
PO Box 5015
Clinton, NJ  08809
caj@okvnews.com

Date: April 16, 2021 – by email (payment to follow per rules)

Chris Ann Jaye                                              US District Court
Plaintiff                                        Southern District of New York
v.                                                         Docket:  _____
Knuckles, Komosinski & Manfro, LLP  , et. al.
Defendants

**Verified Complaint
and Jury Demand**

1.  Plaintiff, Chris Jaye, (hereafter "Plaintiff") complaining of the Defendants, says as follows:

## I. JURISDICTION

This court has jurisdiction via 28 U.S. Code § 1331, § 1332 and §1343.

## II.  THE PARTIES

2.    Plaintiff CHRIS JAYE ("Plaintiff") is a natural person, a citizen of the United States with constitutional rights, residing in Hunterdon County, NJ.

3.    Knuckles, Komosinski & Manfro, LLP f/k/a Knuckles, Komosinski & Elliot, LLP, located in Elmsford, NY, hereinafter "KKM," its employees, agents and assigns are sued.

4.    Berman, Sauter, Record & Jardim, PC. f/k/a Ramsey Berman, PC and f/k/a Berman, Sauter, Record & Jacobs, PC, hereinafter (hereinafter BSRJ), its agents, officers, employees and assigns are sued.

5.    Mandelbaum Salsburg, PC, with offices located in New York City, hereinafter "Mandelbaum," its employees, officers, agents and assigns are sued.

6.    Hill Wallack LLP, with offices located in New York City, "Hill Wallack," its employees, officers, agents and assigns are sued.

7.    Tompkins, McGuire, Wachenfeld & Barry, LLP, with offices in New York, "TMW," its employees, agents and assigns are sued.

8.    Marshall Dennehey Warner Coleman & Goggin, P.C., with offices in New York, "MDWC," its employees, agents and assigns are sued.

1

9.   Brown, Moskowitz & Kallen, PC, with offices located in New York, "BMK," its employees, agents and assigns are sued.

10.  Margolis Edelstein, with offices in New Jersey and Pennsylvania, itsemployees, agents and assigns are sued.

11.  Kemeny, Ramp & Renaud, LLC a/k/a Kemeny, LLC, (East Brunswick), hereinafter "KRR", its agents, employees and assigns are sued.

12.  Alexander Kemeny, Esq. (License #03842009), hereinafter "Kemeny," a resident of New Jersey, is sued.

13.  Law Office of John L. Pritchard, located in Union, NJ, its employees, agents and assigns, is sued.

14.  Jonathan H. Katz, Esq. (License# 027562000), hereinafter "Katz," a resident of New Jersey, is sued.

15.  Ashley L. Rose (nee Baelz),Esq. (License #002492013) is sued.

16.  John E. Brigandi, Esq. (License #028512008) is sued.

17.  Steven R. Rowland, Esq. (License #010121988), hereinafter "Rowland," a resident of New Jersey, is sued.

18.  John Pritchard, Esq. (License #022501989), hereinafter "Pritchard," residing at 11 Glen Road in Parsipanny, NJ is sued.

19.  Joanne M. Sarubbi, Esq. (License #20621985), hereinafter "Sarubbi," a resident of New Jersey is sued.

20.  Richard Miller, Esq., (License# 025401992), a resident of New Jersey, is sued.

21.  Rhonda Pritchard, hereinafter "RPritchard," owning and residing at 11 Glen Road in Parsipanny, NJ is sued.

22.  Guillermo Argote, hereinafter "Argote," residing at 1240 Lenape Way in Scotch Plains, NJ is sued.

23.  New Assets, LLC, hereinafter "NA," entity identification 0400493070, located at 67 Elmora Avenue in Elizabeth, NJ, its employees, agents, and assigns are sued.

24.  George David Jaye, hereinafter "GDJ", is sued as an individual, "Temporary Administrator", Administrator and Executor of an estate by and through letters from Defendant Union County.

25.  Danita Seder Perrine, hereinafter "DSP," a resident of New Jersey is sued.

26.  Liberty Mutual Group (Boston, MA), hereinafter "Liberty Mutual," its employees, agents and assigns are sued.

27.  Cupo Insurance Agency (Clifton, NJ), hereinafter "Cupo," its employees, agents and assigns are sued.

28. Investors Savings Bank (Short Hills, NJ), hereinafter "Investors," its employees, agents and assigns are sued.

29. Union County Savings Bank (Union, NJ), hereinafter "UCBank," its employees, agents and assigns are sued.

30. JP Morgan Chase Bank, NA (New York, NY), hereinafter "Chase," its employees, agents and assigns are sued.

31. M & T Bank Corporation (Buffalo, NY), hereinafter "MT," its employees, agents and assigns are sued.

32. RWJBarnabas Health (West Orange), hereinafter "RWJB," its employees, agents and assigns are sued.

33. Atlantic Title & Settlement Services, LLC (Fairfield, NJ), hereinafter "Atlantic," its employees, agents and assigns are sued.

34. Old Republic Title, hereinafter "Old Republic," its employees, agents and assigns are sued.

35. Thomas Tilton (Annandale), hereinafter "Tilton," is sued as an individual and trustee of a non-profit association doing business in Hunterdon County.

36. Oak Knoll Village Condominium Homeowners Association, located in Annandale, NJ, its agents, contractors, assigns and trustees are sued.

37. John T. Carlos (North Plainfield), hereinafter "JTC," is sued as an individual and as executor for the Estate of James J. Carlos.

38. George Babish, hereinafter "GB," of South Plainfield is sued.

39. Margaret Backovsky, hereinafter "Backovsky," a resident of New Jersey, is sued.

40. RE/MAX Premier, possibly a/k/a Re/Max Premier, Inc. hereinafter "Re/Max," its agents and employees are sued, including, but not limited to David Burke.

41. Simplicity Title, LLC of 70 Grove Street, Somerville, its agents and employees are sued.

42. WSFS Financial Corporation d/b/a Christiana Trust and a/k/a WSFS (Delaware), hereinafter "WSFS," its agents and employees are sued, including, but not limited to, its attorneys-in-fact and counsel in the matter of 17-5257 (KKM).

43. Gurbir Grewal, (hereinafter Grewal), is sued individually and on behalf of the New Jersey Attorney General's Office ("NJAG"), its employees and agents.

44. Phil Murphy (hereinafter "Murphy") is sued as Governor of New Jersey and head of the executive department of the state.

45. Stuart Rabner, hereinafter "Rabner," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

46. Anne M. Patterson, hereinafter "Patterson," is sued her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

47.   Jaynee LaVecchia, hereinafter "LaVecchia," is sued her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

48.   Lee A. Solomon, hereinafter "Solomon," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

49.   Faustino J. Fernandez-Vina, hereinafter "Vina," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

50.   Walter F. Timpone, hereinafter "Timpone," is sued his individual capacity and official capacity as a New Jersey state employee (now retired) and Article VI judge under the US Constitution.

51.   Barry T. Albin, hereinafter "Albin," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

52.   Katherine Dupuis, hereinafter "Dupuis," is sued her individual capacity and official capacity as a New Jersey state employee (now retired) and Article VI judge under the US Constitution.

53.   Yolanda Ciccone, hereinafter "Ciccone," is sued her individual capacity and official capacity as a county employee in Middlesex County and as New Jersey state employee (retired) and Article VI judge under the US Constitution.

54.   Karen Cassidy, hereinafter "Cassidy," is sued her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

55.   Margaret Goodzeit, hereinafter "Goodzeit," is sued her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

56.   Kenneth J. Grispin, hereinafter "Grispin," a resident of New Jersey or New York is in his individual capacity and official capacity as New Jersey state employee (now retired) and Article VI judge under the US Constitution.

57.   Robert Mega, hereinafter "Mega," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

58.   Marc Ciarrocca, hereinafter "Ciarrocca," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

59.   Thomas Miller, hereinafter "Miller," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

60.   Michael O'Neill, hereinafter "O'Neill," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

61.   William Nugent, hereinafter "Nugent," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

62.   Mitchel E. Ostrer, hereinafter "Ostrer," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

4

63.    Ellen Koblitz, hereinafter "Koblitz," is sued her individual capacity and official capacity as a New Jersey state employee (now retired) and Article VI judge under the US Constitution.

64.    Carmen Messano, hereinafter "Messano," is sued his/her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

65.    Carmen Alvarez, hereinafter "Alvarez," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

66.    Richard J. Geiger, hereinafter "Geiger," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

67.    Patrick deAlmeida, hereinafter "deAlmeida," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

68.    Garry S. Rothstadt, hereinafter "Rothstadt," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

69.    Lisa Firko, hereinafter "Firko," is sued her individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

70.    Douglas Hurd, hereinafter "Hurd," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

71.    Paul Innes, hereinafter "Innes," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

72.    William Anklowitz, hereinafter "Anklowitz," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

73.    Vincent LeBlon, hereinafter "LeBlon," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

74.    Michael Toto, "Toto," is sued his individual capacity and official capacity as a New Jersey state employee and Article VI judge under the US Constitution.

75.    Sandra Thaler-Gerber, hereinafter "Gerber," is sued her individual capacity and official capacity as a New Jersey state employee of New Jersey.

76.    Amy Guinan, hereinafter "Guinan," is sued her individual capacity and official capacity as a New Jersey state employee of New Jersey.

77.    Joseph Bolles, hereinafter "Bolles," is sued his individual capacity and official capacity as a New Jersey state employee of New Jersey.

78.    Michelle Smith, hereinafter "Smith," is sued her individual capacity and official capacity as a New Jersey state employee of New Jersey.

79.    Lisa Brophy, hereinafter "Brophy," is sued her individual capacity and official capacity as a County of Union employee of New Jersey.

80.    James S. LaCorte, hereinafter "LaCorte," is sued his individual capacity and official capacity as a County of Union employee of New Jersey.

81.  County of Union a/k/a Union County "UC," including its constitutional offices, its manager, Edward Oatman, its board of county commissioners and its employees, operating out of 10 Elizabeth Plaza in Elizabeth or via other locations within the county, is sued; including, but not limited to (1) the county prosecutor's office, Lyndsay Ruotolo, its office and employees, (2) the Office of the Union County Surrogate, its and employees conducting county affairs at 2 Broad Street, Elizabeth, NJ (3) the office of county counsel its office and employees.

82.  Office of the Sheriff (Hunterdon County), hereinafter "HCS," located in Flemington, NJ, is sued.

83.  Frederick Brown, hereinafter "Brown," is sued in his individual capacity and official capacity as a county employee of Hunterdon County, New Jersey.

84.  Hunterdon County Clerk's Office is sued.

85.  Mary Melfi, is sued in her individual capacity and official capacity as a county employee of Hunterdon County, New Jersey.

86.  Wilmington Savings Fund Society a/k/a Wilmington Savings Fund Society, FSB, d/b/a itself and as Christiana Trust, hereinafter "WSFS," its agents and employees are sued, including, but not limited to, its attorneys-in-fact and counsel in the matter of 17-5257 (KKM).

87.  Selene Finance LP, hereinafter "Selene," its employees, agents and assigns, is sued.

88.  Kevin McNulty, hereinafter "McNulty," is in his official and individual capacity as a federal officer.

89.  Robert Kugler, hereinafter "Kugler," is sued in his official and individual capacity as a federal officer.

90.  Michael Shipp, hereinafter "Shipp," is sued in his official and individual capacity as a federal officer.

91.  Charles Joseph Williams, hereinafter "Williams," is in his official and individual capacity as a federal officer.

92.  Leonard T. Strand, hereinafter "Strand," is sued in his official and individual capacity as a federal officer.

93.  Susan Wigenton, hereinafter "Wigenton", is sued in his official and individual capacity as a federal officer.

94.  Elaine D. Kaplan, hereinafter "Kaplan," is sued in her official and individual capacity as a federal officer.

95.  William Walsh, hereinafter "Walsh," is sued in his individual capacity and as a federal officer.

96.  United States of America is sued.

97.  Merrick B. Garland ("Garland"), Acting Attorney General for the United States Attorney General's Office ("USAG") in his official capacity and on behalf of the USAG and all its agencies, departments, employees and federal officers, including, but not limited to the

Federal Bureau of Investigations ("FBI") and Department of Justice ("DOJ"), the US Marshal's Service ("USMS"), is sued.

98.    JOHN DOES 1-100 (FICTICIOUS NAMES) are unknown at this time as it pertains to this matter.


### III.  BACKGROUND

99. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though fully set forth at length herein.

100.        Plaintiff has filed numerous suits in both state and federal courts to seek redress from civil rights violations and relief from crimes, extortion, fraud, malicious abuse of process, fraudulent concealment, violations of the Fair Debt Collection Practices Act ("FDCPA") and other injurious and tortious conduct.

101.        In both state and federal courts where Plaintiff paid the fees and pursued her claims as a Plaintiff or Plaintiff-in-Counterclaim, Plaintiff was denied and deprived access to the court and meaningful due process, both procedural and substantive.

102.        At all times federal suits were pending, no protections were provided, no cases stayed, no state claims were supplemented and piecemeal litigation was caused as additional pains, punishments and retaliation against Plaintiff.  Defendants Shipp, Kugler, Wigenton, McNulty, Williams and Strand coordinated their efforts with other Defendants, ensuring state cases proceeded so that Defendant-Article VI judges could further injure her.

103.        In every proceeding in New Jersey in Hunterdon County, Union County, Somerset County and Mercer County, Plaintiff was denied the relief, remedies and protections afforded by the rules and by law.  She was denied the right to privilege logs, inviolate right to jury trials on triable issues, the right to amend her complaints, the right to subpoenaed information, the right to evidence exempt from privilege by statute due to fraud and repeatedly deprived judgments in law by summary judgment when facts were admitted and no oppositions raised.

104.        In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, defaults were withheld and deprived when sought.

7

She was denied the right to proceed according to these defaults and obtain judgments by defaults.

105.	In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, state and county dockets were rigged.  Orders were issued without notice to the Plaintiff and entered into the system.  Cases were closed and transferred without notice to her.  Cases were dismissed by judges without jurisdiction.  Documents were filed submitted that were filed by her.  Illegal defaults were entered against her (without notice).  Defaults were entered with her not having been served.  Documents have been removed from the docket by state and county actors (evidence tampering).  Documents were not presented to the presiding judge when filed.

106.	In one case, Plaintiff was restrained by a county actor when she sought to file a document; threatened with arrest by Defendant LaCorte and questioned by a county sheriff (Detective Zignauskas).

107.	In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, Plaintiff was denied entirely and completely to use or rely on any admissions from litigants to support her claims or defeat dismissals.  Defendant-Article VI judges refused to rely on admissions of defendants in all those state cases; rendering illegitimate orders without consideration of the facts known and presented to them.

108.	In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, Plaintiff was denied entirely to have her claims adjudicated or even filed.

a)	In HUN-L-375-12, Defendant Ciccone dismissed a claim of fraud while she had no jurisdiction and when all admitted facts supported Plaintiff's claims. She illegally dismissed the case with prejudice, closed the case, sanctioned Plaintiff and transferred the case.  These punishments and unlawful acts were rendered while the Appellate Division had seized control over non-final matters and interlocutory rulings which could not be appealed.  Plaintiff has never been allowed to appeal from Defendant

Ciccone's unlawful orders.  Plaintiff's money from the Trust Fund of New Jersey, placed in trust by court order, was seized and distributed by order of Defendant Hurd.

b)  In R-3715, Defendant Dupuis refused to adjudicate Plaintiff's claim of fraud in a probate matter.  She rendered a void final order (while being a Defendant in federal suit) without ever hearing the claims of fraud or providing adjudication of same.

c)  In UNN-L-2542-17, Defendants Grispin, Dupuis, Cassidy and Ciarrocca worked in concert to delay and obstruct Plaintiff's claims for three years.  After additional delays, the claims of fraud (and other matters) were not adjudicated on the matter.  Defendant Ciarrocca issued rulings to dismiss Plaintiff's claims against Defendant Jaye based on no rule of court, while he was in default and with the fraud known.

d)  In HUN-L-438-20, Defendants O'Neill and Miller conspired by Defendant Grewal, Defendant Guinan and Defendant Bolles to prevent defaults from being entered. When admissions by Defendants (sued in their individual capacity) were put forth, Defendant Thomas dismissed those Defendants even thought they did not appear and mounted no defense.

e)  In C-66-20, Defendant Mega ruled on a final judgment when a counterclaim of fraud was pending.  Defendant Mega ordered a probate matter be dismissed and directed an equity case be filed.  When such was done and without addressing standing, he ruled without jurisdiction to grant relief for a person without standing to circumvent Plaintiff's defenses and counterclaims entirely.

f)  In F-6447-16, Defendants Goodzeit, Hurd and Innes rendered orders without jurisdiction.  Defendant Goodzeit did not consider Plaintiff's counterclaims dealing with fraud.  Defendant Hurd struck Plaintiff's counterclaims and her defenses and would not allow her to refile.

g)  In F-3132-19, Defendant Ciccone refused to address challenges to standing or the court's jurisdiction.  When the motion to dismiss on these grounds was denied, Clerk Smith placed Plaintiff in default.  Plaintiff had appeared.  The default status was used to reject Plaintiff's answer, counterclaims and defenses.  Service was not rendered on the motion for default by Defendants Katz and Hill Wallack.

9

h)  In F-3132-19, Defendant Ciccone transferred the case where she was going to be employed as prosecutor. For over a year, no action was taken on a motion Plaintiffed filed nor was a judge assigned by Defendant Toto.  They conspired to wait and until the sheriff sale's began again (post-Covid) to deny Plaintiff relief.

i)  In F-3132-16 (on April 16, 2021), Defendant LeBlon disregarded all due process violations known to him, revised the terms of a contract and affirmed the foreclosure order.  He refused to allow Plaintiff relief from the defaults entered; asserting Plaintiff could appeal.   The proof of service attached to a motion was dated October 28, 2019. The motion was filed on November 22, 2019 by Defendants Hill Wallack and Katz using the October 28, 2019 date.  The motion was not served.  Final judgment was rendered by Defendant Goodzeit based on an illegal default, deprivation of right to defend and repeated non-service by Defendant Katz.  Plaintiff's house will again be put up for auction again absent the right to defend and notice provided in order to defend.  She was deprived all right to defend from this action by Defendant LeBlon.

j)  In other state matters filed by intermeddlers Defendant Rowland and Defendant BMK, Plaintiff was placed in default despite appearing and rulings were rendered based on this fraud.  The action taken prevented Plaintiff from mounting any defenses or filing any counterclaims.

k)  In Hunterdon County, Defendant Miller issued an order barring Plaintiff from being able to sue suits.  The order was rendered ***the day after*** Plaintiff filed a suit and paid the fee.  The suit was never docketed and the fee refunded.

l)  In all matters, action is taken by Article VI judges in violation of the law with full awareness the taking and theft will be carried out by them with the "appeal" used as the excuse and show of due process.

109.    In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, she was denied the right to judgments in law by summary judgment when facts were admitted and no oppositions raised.

110.    In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, she was deprived the same process and procedures

as others similarly situated.  There were no mediations, case management conference and (in most case) no track assignments provided.

111.        In these state cases (with two cases involving county actors) where Plaintiff was the Plaintiff or Plaintiff-in-Counterclaim, she was deprived the same process and procedures as others similarly situated.  Plaintiff's cases were altered, delayed, controlled, transferred, closed and stayed illegally by Defendant-Article VI judges.  In the two probate matters, the Article VI judges manipulated action taken in the probate part which ensured Plaintiff was not allowed to proceed with her claims (or defenses).  In various law division cases, defaults were entered by state actors which Defendant-Article VI judges would not vacate.

   a)   In R-3715, Defendant LaCorte refused to docket her application to be Administrator. He withheld his decision from Plaintiff (dated March 1, 2017) and directed staff to do the same.

   b)   In R-3715 on June 16, 2017, Defendant Dupuis declared she was proceeding in a case when Defendant Jaye had no standing based on her own legal theory.  It was not pled, Plaintiff could mount no defense to same and the case proceeded on this theory that was never asserted by Defendant Jaye.  In July 2017, Defendant Mandelbaum Salsburg filed an answering for Defendant Jaye asserting that estate documents were being withheld.  Defendant Dupuis granted the filing of this answer out of time knowing Plaintiff was being deprived her right to defend and further support her claims of fraud (which she subsequently refused to adjudicate).

   c)    In C-66-20, Defendant Mega (having illegally dismissed a probate matter and moved it to the equity court) made a final ruling absent standing being addressed. Afterwards, Judge Mega directed that Plaintiff to file her claims in the probate part. Such could not be done based on his final order in the equity division.  This was a Catch-22 which Article VI-judges in the Appellate Division would not remedy.

   d)   In UNN-L-2542-17, Defendant Grispin illegally stayed the case until the probate matter (R-3715) was final, but only for the Plaintiff.   Plaintiff was denied access to the court for three years; resulting in great prejudice to the Plaintiff.

e)   In the case brought by Defendant Rowland, BMK, KKM, Katz, Brigandi, Rose (Baelz) and Hill Wallack, defaults were entered.  Routinely, documents were not served and proof of service not filed.  The defaults would not be vacated; final judgments, writs, state judgments, liens and action taken by county actors followed.

f)   In the case brought by Defendant Rowland, BMK, KKM, Katz, Brigandi, Baelz and Hill Wallack, standing was not addressed before rulings rendered against Plaintiff.

112.        In these state cases (with two cases involving county actors) where Plaintiff was a Defendant, she was subjected to summary judgments brought in case by intermeddling lawyers and law firm (Defendants) without standing repeatedly.  Plaintiff was forced to be a defendant and despite facts being in dispute, discovery not being complete and admissions which would defeat such judgments, void judgments were rendered against her.  In F-6446-17, her defenses **were stricken** by Defendant Hurd.  In C-66-20, her defenses were ignored entirely by Defendant Mega.  In F-3132-19, Defendant LaBlon refused to allow her the right to defend.

113.        In both the federal and state cases where § 1983 where the NJAG, Grewal and the County of Union appeared, they did so without appearing for the defendants sued in their individual capacity.  Dismissals were rendered by federal and state judges (Defendants) repeatedly for parties who did not appear and raised no defense.  Defaults were not given.  And no summary judgment procedures were ever given before immunity was doled out as a basis for dismissal as required in both state and federal law.  Where claims of a conspiracy was alleged, no discovery was permitted.

114.        In every federal case, Plaintiff's cases were manipulated, obstructed and delayed.  Judicial notice should be taken of 14-7471, 15-8324, 15-5303, 16-7771, 17-5257 and 2:21-1566 in the United States District Court of New Jersey and 19-cv-121 in the United States District Court of Iowa.  The delays in these cases were deliberately caused while motions were not being adjudicated, questions not certified and protections not given.

115.        Judicial notice of 6:21-048 in the United States District Court of Eastern Texas and 1:21-7021 in the US Court of Federal Claims is requested; such should suffice as proof of total due process.

116.        Repeatedly, Plaintiff was deprived access to the court, had her cases illegally closed (repeatedly), was deprived adjudication on the merits of her motions, and denied the right to judgments in law by summary judgments due to the acts of Defendant Shipp and denied defaults when defendants did not appear.

*Coordinated Retaliation*

117.        Defendants coordinated their efforts to impair Plaintiff's proceedings in both the federal and state courts.  On March 5, 2021, Defendant Miller granted Defendant Grewal and NJAG motion seeking to bar Plaintiff from suits in the state courts.  On March 25, 2021, Defendant Strand dismissed (19-cv-121, ECF 193) using inherent powers without any of Plaintiff's claims heard and many motions not adjudicated.  On March 26, 2021, Defendant Kaplan refused to docket her suit with questions founded upon the Constitution.  On April 5, Defendant McNulty (who had not adjudicated any of her motions for months) restrained Plaintiff and refused to take further action in the case.  His dismissal is soon to come without Plaintiff's claims being adjudicated again.  (See 14-7471, 15-8324, 16-7771 and 17-5257)

118.        Calculated moves were taken by officials to materially harm Plaintiff while no protections were afforded Plaintiff.  In furtherance of the deprivation, Defendant Walsh again refused to issue summons in 2:21-1566 for the second time.  Plaintiff's documents are now not being allowed to be filed per Defendant McNulty's order.

119.        As a Plaintiff in both state and federal suits, Article I, III and VI judges (Defendants) have used illegal orders to restrain, harm, humiliate and injure Plaintiff.  In addition to be denied the right to file a document to be Administrator and illegally restrained by Defendant County of Union and Defendant LaCorte, Plaintiff was (1) sanctioned by fraud by Defendant Dupuis which was encouraged by Defendant Mandelbaum Salsburg (reversed at great expense to Plaintiff), (2) had a writ imposed on her by Defendant Kugler (outside of his jurisdiction) by the request of Defendants Rowland and BMK, (3) was slapped with a protective order per Defendant O'Neill (carried out by Defendants Miller, Williams and Ciarrocca) via a fraudulent filing by Defendant NJAG, (4) was barred from filing suits by a filing by the Defendants Grewal and NJAG, (5) was placed under an injunction order absent any motion filed (or serve) *ex parte* by Defendant Dupuis, (6) had her amended complaint illegally stricken by Defendant Kugler (see 16-7771, ECF 100), (7) had her entire suit

dismissed based on "inherent powers" by Defendant Strand after a fifteen-month delay caused by Defendant Williams, (8) had her law division case impaired by Defendant Dupuis and then illegally stayed by Defendant Grispin and (9) was subjected to orders which violated her client-attorney privilege.

120.        Defendants (Article I, III and VI judges) provided absolutely no protections to Plaintiff as a litigant when she sought relief.  She received no stays, no enjoining of illegal acts and no remedies of any kind for years.  Instead, Plaintiff was repeatedly attacked, belittled, berated, insulted, humiliated, harassed and restrained by them.  Plaintiff also received no remedies in the law, such as dismissals of suits, when Defendants violated discovery and court orders.

121.        At all times, Defendants (NJ Appellate judges and NJ Supreme Court justices) were aware of this fraud and constitutional violations taking place.  They would not intervene or remedy the situations.

## IV. STATEMENT OF FACTS

122.        Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though fully set forth at length herein.

123.        Defendant-judges conspired to injure Plaintiff and deprive of her rights; relying on other Defendants to do so and benefitting other Defendants in the process.

124.        For years, Plaintiff has provided sufficient notice in her many state and federal pleadings of the foreseeable damage that would come absent action taken and protection given.  Plaintiff's complaints, stating entitlement to relief and giving notice, were not treated as fact by any federal judge or state judge-Defendant.  Her questions were not answered by any federal judge nor were constitutional issues raised addressed by any state-judge Defendant, including Defendant Rabner.

125.        At no time has Defendant NJAG, Murphy or Grewal responded to or addressed constitutional questions sent to them.  At no time has Defendant NJAG, Murphy or Grewal sent notice to any Defendant-judge that they did not represent the defendants they claimed to represent to remedy the dismissals rendered illegally.  At no time has Defendant NJAG,

Murphy or Grewal acted to uphold the law and protect Plaintiff's rights from illegal dismissals, protective orders or other action taken in violation of the law, NJ Constitution and Constitution.

126.      Relief and remedies have been deliberately withheld by officials to ensure material harm to Plaintiff.  The likelihood of a pattern of racketeering activity alleged and asserted in 15-08324 (USD of NJ) has continued and expanded.  Defendants with a duty to uphold the law, prevent conspiracies to violate civil rights and inquire into state judgments before giving benefit to same have not done so.  By and through their acts, the racketing activities and civil rights conspiracies carry on to Plaintiff's harm (impacting trade and commerce).

127.    Plaintiff has been punished, sanctioned, censored, restrained and deprived her established rights repeatedly by the Defendants acting under color of law and for the benefit of other persons, including the Defendants.  Plaintiff has been retaliated against for speaking, for her beliefs and for enjoying her constitutional and clearly established rights.

128.    Plaintiff's First Amendment rights have been deprived deliberately.  Whereas others similarly situated would have had access and the right to remedies, she has not had this right.  Whereas someone similarly situated would have had one single case to deal with these unconstitutional acts and conspiracies, Plaintiff has been forced into piecemeal litigation, burdened with additional expenses and managed like a child by state, county and federal actors (Defendants) in retaliation for her beliefs and petitions.

129.    Defendants, acting as officials (including all officers of the courts), have been unethical, disgusting and retaliatory.  They have been instituted and implemented to frustrate her, oppress her and cause emotional distress to the Plaintiff.  The pains and punishments have been intentional.

130.    Upon information and belief, Defendants acting under color of law and as officers of the court used these tactics intentionally to cause Plaintiff to have an emotional break down or cause her to protect her own property so that they could arrest her.  Upon information and belief, they have rendered their unconstitutional, illegal orders restraining her with the intent of arresting her or sanctioning her further.

15

131.    Upon information and belief, Defendant Williams encouraged the defendants (19-cv-121, ECF 5) to take action to have her arrested as an excuse to dismiss her case.  It is believed a great deal of what has been done recently has been done by officials for the purposes of humiliation and with the expectation she would take action which would result in her arrest.

132.    Plaintiff has been denied and deprived action the part of the Defendants (officials); delays and tactics of obstruction used in retaliation, a form of punishment and unique pains. Defendant judges (Article I, III and VI) have conspired to further this retaliation by blocking Plaintiff from the court entirely to cover up their own illegal, illegitimate and liable conduct.

133.    At all times, Defendants Merrick, USAG, Murphy, the County of Union (through their prosecutor's office), Grewal, NJAG and Hunterdon County Sheriff's Office had a duty to Plaintiff to execute the laws faithfully, commence investigations into crimes, communicate with Plaintiff per her allegations and reports of crimes and act to prevent such crimes, including civil rights conspiracies, racketeering activities and extortion.  As a collective, they not only failed to do as required but acted in furtherance of the crimes.

134.    In R-3715, Defendant Dupuis issued an *ex parte* injunction not allowed by law against Plaintiff to prevent her from accessing her own property and the estate records.  She then refused (illegally) to allow her access to the records during the trial and denied evidence be obtained not protected by any privilege.  She then coordinated her attack with Defendants Cassidy, Grispin and Ciarrocca to block Plaintiff from suing Defendant Jaye personally.

135.    Before R-3715 began, Defendant Dupuis, Defendant Union County and the Defendant LaCorte worked to hide records from Plaintiff and prevent Plaintiff from being Administrator and Executor; subsequently acting with Defendant Jaye to have the estate robbed entirely.

136.    During R-3715, Defendant Union County and LaCorte worked with other Defendants to give letters to Defendant Jaye that could not be given based on a bond via Defendant Liberty Mutual that could not obtained.  Defendant Dupuis, Defendant Jaye, Defendant Miller and Defendant Mandelbaum Salsburg coordinated this fraud.

137.    In R-3715, the embezzlement of the estate accounts and protection of the estate could have been prevented, but instead were furthered and rewarded.  Defendants (banks) relied on the

letters from Defendants Union County and LaCorte to give Defendant Jaye access to the funds
(absent any court order or right in the law).

138.    In R-3715, Defendant Dupuis hid all dealings with Defendants Union County, LaCorte
and Liberty Mutual.  Subsequently (in UNN-L-2542-17 and HUN-L-438-20), Defendant
Guinan, Bolles and Thaler-Gerber refused to enter defaults for Defendant Liberty Mutual.  It
is believed communications have been had to have them dismissed illegally.  In one case,
Defendant Pritchard fraudulently asserted represented Defendant Liberty Mutual to Plaintiff
and the court.

139.    In HUN-L-438-20, NJAG filed a motion to quash (out of time) on behalf of Defendant
Rhonda Pritchard to conceal the flow of embezzled funds from the estate into her account.
Other actions were taken, including by Defendant RWJBarnabas, to hide records of crimes
involving the estate involving Defendant Jaye, Perrine and Pritchard.  Defendant Miller ruled
on motion to quash (filed out of time) to hide records that would reveal crimes.
Simultaneously, Defendant Mega has refused to issue an audit of the estate accounts as
required by law.

140.    In C-66-20, Defendant Mega took deliberate steps to deprive Plaintiff the right to dispute
fraud used to circumvent the probate proceedings and obtain her rights as a beneficiary.  His
action were taken to fast-track the sale of a home illegally; an act taken absent lawful
jurisdiction which Defendants in the Appellate Division would not remedy.

141.    In F-3132-19, a lien was illegally placed on her home by Defendant Tilton and Defendant
Katz by Defendant Melfi.  An illegal default was entered illegally by Defendant Smith.  A
judgment was recorded with the state by an illegal order by Defendant Ciccone for Defendant
Hill Wallack; rendered without addressing standing and the law.  And it was wrapped up with
Defendant Hill Wallack not serving a motion which was then ruled upon by Defendant
Goodzeit (absent jurisdiction) to order a foreclosure with terms and conditions the law does
not allow.  Defendant Goodzeit added special pains and punishments to Plaintiff in addition to
the void writ.  Defendants Hunterdon County Sheriff and Brown have since made this fraud
public.

17

142.    Due to the deprivation of First Amendment rights, Plaintiff has no rights.  She has no access to a court.  She has had no meaningful due process.  She is toyed with, her cases managed and the dockets manipulated at every turn.  The extortion that has been perpetrated was deliberate, intentional and planned by Defendants and is carrying on now.

143.    Defendants (Article VI judges) have done nothing but take Plaintiff's property from her by void orders.  Everything Defendants (Article I, III and VI judges) have done has been to manage the cases and dockets to end up with the outcome they have wanted for the benefit of the Defendants and at Plaintiff's loss.  Court proceedings are a farce, post-judgment procedures are a farce and appeals are a farce.  The court records are proof of this.

144.    Repeatedly, Defendants have relied on one another to cover up their crimes. Article I, III and VI judges-Defendants, Defendants NJAG, Grewal and the County of Union have used the courts, their chambers, court staff and the county offices to do so.  They have coordinated how cases will be handled off the record and arranged this cover up by more void orders, illegitimate acts, fraud and unconstitutional deprivations.  This is still being done today.

145.    Upon information and belief, Defendants (Article I, III and VI) have deprived Plaintiff with meaningful due process (a requirement of the First Amendment) and have failed to remedy, address or declare void void orders to insulate themselves from personal liability as persons acting absent lawful authority.  It is further believed such is being done in furtherance of the civil rights conspiracies and racketeering activities in play which have and still are impacting trade and commerce.

146.    Upon information and belief, Defendants County of Union, Hunterdon County Clerk's Office, Hunterdon Sheriff's Office, Brown, Melfi and LaCorte have taken action they know is not legal or permitted by law to transfer ownership of property in furtherance of racketeering enterprises.  Defendant Hunterdon Sheriff's Office and Brown have taken action to list and sell property belonging to Plaintiff based on void order which Defendant-Article VI judges rendered and refuse to remedy.  This is done routinely in foreclosure matters (filed fraudulently by the Defendants) by Article VI judge-Defendants; extortion carried out without evidence entered, trials, testimony or the right to defend.

## <u>COUNT ONE</u>
### Civil Rights Violations:  42 U.S. § 1983 - 1988
### (All Defendants)

147. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though fully set forth at length herein.

148. Defendants, individually and through conspiracies, violated Plaintiff's rights.  Defendants, acting under color of law, deprived, interfered with or attempted to interfere with by threats, intimidation, coercion, the exercise or enjoyment of rights by Plaintiff guaranteed to her by the US Constitution.

149. Defendants have, individually, through their conspiracies and/or by aiding private parties, have deprived, interfered with or attempted to interfere with Plaintiff's civil rights.

150. Defendants have acted outside their lawful authority or in violation of same to shield and protect other defendants and colleagues from liability; ensuring no right to any remedies would be provided to the Plaintiff.

151. Defendants with a duty to prevent harm that would befall the Plaintiff by and through a conspiracy to violate Plaintiff's civil rights have failed to act.

152. Defendants were in agreement in their actions to violate Plaintiff's civil rights.

153. Defendants with full awareness and the foreseeability of damage to occur to the Plaintiff took no action that win their power to prevent such harms that have occurred and continue to occur.

154. Plaintiff has been treated in a manner differently than other litigants similarly situated.

155. Plaintiff has been illegally, arbitrarily and illegitimately denied the right to remedies in the law sought, protections allowed, procedures established and relief permitted by court rules, state law and federal law.  She has been illegally, arbitrarily and illegitimately denied and deprived all relief by defendants.

156. Wherefore, Plaintiff respectfully requests judgment in her favor for damages against the Defendants, attorney's fees, cost of suit, declaratory relief, and any additional relief authorized by law and such further relief that is authorized in law or equity.

19

## COUNT TWO

### Violations of the New Jersey Civil Rights Act – N.J.S.A. 10-6-1, et. seq.
### (All Defendants)

157. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though fully set forth at length herein.

158. Defendants, acting under color of law, deprived, interfered with or attempted to interfere with, by threats, intimidation, coercion, the exercise or enjoyment of rights by Plaintiff guaranteed to her by the US Constitution, federal law and the laws and constitution of the State of New Jersey.

159. Defendants, individually and by a conspiracy, have targeted Plaintiff for harm. By and through their acts and refusal to provide Plaintiff with equal protections under the law, Plaintiff has been and continues to be injured.

160. WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages against the Defendants, attorney's fees, cost of suit, declarator relief, any additional relief authorized by law and such further relief that is authorized in law or equity.

## COUNT THREE
### Racketeer Influence and Corruption Organizations
### NJSA 2C:41-1, et. al. and 18 USC § 1961
### (All Defendants)

161. Plaintiff repeats and realleges all of the preceding paragraphs of this Complaint as though fully set forth at length herein.

162. Plaintiff alleges Defendants unlawfully and criminal acts were part of a pattern of racketeering activity, including, but not limited to, extortion, mail fraud and wire fraud.

163. Plaintiff alleges Defendants have been associated with an enterprise engaged in, or having activities of which, have affected, trade and commerce and have, by directly or indirectly, the conduct of such enterprise's affairs through a pattern of racketeering activity.

20

164. Plaintiff alleges Defendant made calculated moves to material harm Plaintiff, withheld official acts, and refrained from doing their official duties to cause the theft of Plaintiff's properties, deprivation of use of her properties and full enjoyment of her properties.

165. Defendant NJAG filed fraudulent documents on behalf of defendants he did not represent in state cases to obtain relief he could not obtain as a calculated move intended to materially harm the Plaintiff.

166. WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages against the Defendants, treble damages as allowed by statute, attorney's fees, cost of suit, any additional relief authorized by law, punitive damages and such further relief that is authorized in law or equity.

### COUNT FOUR
### Malicious Abuse of Process
### All Defendants Except 21, 22, 23, 28-31, 33, 34 and 40

167. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though they fully set forth at length herein.

168. Defendants used the courts for improper purposes, including, but not limited, to pervert the purpose of the court in order to extort, coerce, intimidate and threaten the Plaintiff to relinquish her rights to her inheritance and deprive her of her rights in the law.

169. Defendants used the court for purposes other than that are lawful, including, but not limited to, carrying out ulterior motives based on malice and contempt for the Plaintiff.

170. WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages against the Defendants, damages as allowed by statute, attorney's fees, cost of suit, any additional relief authorized by law, punitive damages and such further relief that is authorized in law or equity.

### COUNT FIVE
### Fraudulent Concealment
### (All Defendants)

171. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as though they fully set forth at length herein.

21

172. Defendants withheld or destroyed documents and material to impair the administration of justice and withheld documents material to the case to give themselves an unfair advantage over Plaintiff. They withheld or destroyed documents and material to impair the administration of justice and withheld documents material to the case to give themselves an unfair advantage over Plaintiff.

173. Upon information and belief, all Defendants had a duty to preserve, but have not done so. Defendants' destruction, failure to preserve and/or withholding of information impaired Plaintiff's ability to pursue her claims or defend from relief sought.

174. Plaintiff has been harmed as a result of the Defendants' willful acts.

175. WHEREFORE, Plaintiff respectfully requests judgment for damages in her favor against Defendants together with cost of suit, any additional relief authorized by law and such further relief that is authorized in law or equity, including punitive damages.

## V. JURY DEMAND R. 38-1

Plaintiff demands a jury trial on the Complaint.

## VI. CERTIFICATION R. 11.1

I am of age and the Plaintiff in the above-entitled action. The contents are true of my own knowledge, except as to matters stated on information and belief, and, as to such matters, they are true to the best of my knowledge and belief.

The matter in controversy in this Complaint is not the subject matter in any other court with the exception of Docket 14-cv-0741, 15-5303, 15-cv-08324, 16-cv-07771, 17-5257, 18-1200 (US Court of Federal Claims), 19-cv-121 (US D of Iowa), 420-cv-321 (US D of Southern Georgia) and 2-21-cv-1566 (USDNJ) and other federal matters and related appeals as well a petition to the US Supreme Court as well as a number of state cases in New Jersey named within, including, but not limited to F-6446-17, F-3132-19, R-3715, UNN-L2542-17, HUN-L-438-20, C-66-20, A-4942-13 (Union), DC-911-17 (Mercer).

*s/ Chris Ann Jaye*
Chris Ann Jaye,
Plaintiff/Pro Se

22